\*\* E-filed February 4, 2011 \*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RITO LIGUTOM, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SUNTRUST MORTGAGE, et al.,<br><br>    Defendants.<br>_____/ | No. C10-05431 HRL<br><br>**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR REMAND, (2) DENYING PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES, AND (3) TERMINATING DEFENDANTS' MOTIONS TO DISMISS**<br><br>**[Re: Docket No. 10]** |

**INTRODUCTION**

Plaintiffs Rito and Flamingo Ligutom ("Plaintiffs") initiated the instant action against defendants SunTrust Mortgage ("SunTrust") and JPMorgan Chase Bank, N.A. ("JPMorgan") (collectively, "Defendants") in Santa Clara County Superior Court in October 2010.[1] Plaintiffs allege nine claims under California state law against Defendants in relation to mortgage loans between the parties that are secured by Plaintiffs' property in Milpitas, California. Docket No. 1 ("Notice of Removal"), Ex. A ("First Amended Complaint" or "FAC"). JPMorgan removed the action to this Court on the basis of diversity jurisdiction, and Plaintiffs timely filed a motion for remand based on purported procedural defects in the Notice of Removal and the removal process.

---

[1] Plaintiffs also included Does 1-50 as defendants, but it appears that only SunTrust and JPMorgan have been served with the operative complaint in this case.

Notice of Removal; Docket No. 10 ("Motion to Remand").[2]  Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the February 8, 2011 hearing is vacated.

## PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint in Santa Clara County Superior Court on October 25, 2010, and quickly filed their First Amended Complaint two days later on October 27. Notice of Removal, ¶¶ 1, 2. Plaintiffs served SunTrust with the First Amended Complaint shortly thereafter on November 1 and served JPMorgan on November 3. Motion to Remand at 2. Plaintiffs filed their Proof of Service as to SunTrust with the Superior Court on November 29, Docket No. 29 ("Reply") at 2.

In its opposition, JPMorgan suggests that it checked the Superior Court's docket around this time and saw no proof of service for any other defendant in the case. Docket No. 25 ("Opp'n") at 2. Believing only it had been served, JPMorgan filed a Notice of Removal in this Court on December 1, seeking to remove the action to federal court on the basis of diversity jurisdiction. See Notice of Removal. JPMorgan contends that Plaintiffs' Proof of Service was not added to the Superior Court's docket until sometime in December 2010. JPMorgan did not file a copy of the Notice of Removal with the Superior Court until January 5, 2011. Opp'n at 5.

On December 30, Plaintiffs timely filed their motion to remand the case back to Superior Court. See Motion to Remand. After this, SunTrust filed its consent to JPMorgan's Notice of Removal on January 4, 2011. Docket No. 18.

## LEGAL STANDARD

The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case as well as the burden of showing that it has complied with the procedural requirements for removal. See California ex rel. Lockyer v. Dynegy, Inc., 375 F3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

---

[2] The Notice of Removal states that Plaintiffs are citizens and residents of California, JPMorgan is a citizen of Ohio, and SunTrust is a citizen of Virginia. Notice of Removal, ¶¶ 5-6. That diversity jurisdiction would exist has not been challenged by any party.

2

Defects in removal procedures, such as the tardy filing of the removal notice, or defects in the notice of removal, are considered to be "formal" or "modal," not jurisdictional. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212–1213 (9th Cir. 1980). As such, defects in removal procedures are waived unless challenged by a motion for remand made within 30 days after the filing of the notice of removal in federal court. 28 USC § 1447(c); see Maniar v. FDIC, 979 F2d 782, 785-86 (9th Cir. 1992) (court lacks authority to remand *sua sponte* for procedural defects after 30-day deadline).

**DISCUSSION**

Plaintiffs object to JPMorgan's Notice of Removal on three grounds: (1) that JPMorgan did not promptly file a copy of the Notice of Removal with the Superior Court; (2) that SunTrust did not timely consent to JPMorgan's Notice of Removal; and (3) the JPMorgan did not sufficiently explain in its Notice of Removal why SunTrust did not join in it. Each of Plaintiffs' arguments are examined in turn below.

A. JPMorgan's Filing of the Notice of Removal in the Superior Court

Plaintiffs argue that JPMorgan's attempt to remove the case is defective because it did not file a copy of the Notice of Removal in the Superior Court "promptly," as required by 28 U.S.C. § 1446(d). That provision states:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Unfortunately, there is no clear rule about just how prompt a removing defendant must be. Indeed, as one recent district court case explained:

> Most courts that have considered the issue have found that short delays in filing the notice of removal with the state court did not warrant remand. See, e.g., Nixon v. Wheatley, 368 F.Supp.2d 635, 640 (E.D.Tex. 2005) (finding twenty-two-day delay in filing notice with state court was "reasonably prompt"); Calderon v. Pathmark Stores, Inc., 101 F.Supp.2d 246, 246-47 (S.D.N.Y. 2000) (delay of one month did not necessitate remand). One court even found a delay of six months did not require a remand, because the federal court did not lack jurisdiction and the state court did not take action during that delay, beyond issuing a preliminary scheduling order, so the purpose of the removal statute was not thwarted. Whitney v. Wal-Mart Stores, Inc., 2004 WL 1941345, at *1-2 (D. Me. Aug. 31, 2004). Other courts, however, have found that even short delays have violated § 1446(d) and warranted remand. See,

3

1    e.g., Colettie v. Ovaltine Food Prods., 274 F.Supp. 719, 723 (D.P.R. 1967) (delay of
     five days in notifying plaintiff of removal was sufficient to warrant remand).

Kosen v. Ruffing, No. 08cv0793-LAB (WMc), 2009 WL 56040, at *11 (S.D. Cal. Jan. 7, 2009).

This Court does not believe that JPMorgan's roughly one month delay in filing the Notice of Remand with the Superior Court warrants remand of the case. Given the lack of a clear rule for JPMorgan to follow, JPMorgan can fairly be said to have acted "promptly." Plaintiffs' motion will not be granted on this ground.

B. SunTrust's Consent to JPMorgan's Notice of Removal

Plaintiffs also argue that SunTrust was required to either join or consent to JPMorgan's Notice of Removal but that it did not timely do so. Motion to Remand at 2.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Any defendant, even if not named in a removable claim, may file a notice of removal, but "[o]rdinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." Emrich, 846 F.2d at 1193 n.1 (citations omitted). "This general rule applies, however, only to defendants property joined and served in the action." Id. (citing Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal)).

The notice of removal must be filed in federal court within 30 days after the receipt by a defendant of a copy of the initial pleading. 28 U.S.C. § 1446(b). "In cases with multiple defendants, there is a split in authority — unresolved in [the Ninth Circuit] — on whether the thirty-day period to file, or join in, a notice of removal begins to run on the day of service on the first-served or last-served defendant." United Steel, Paper & Forestry, Rubber Manufacturing Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC v. Shell Oil Co., 549 F.3d

1204, 1208 (9th Cir. 2008) (citing United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 763 n.4 (9th Cir. 2002) (declining to adopt the first-served rule or the last-served rule)).

In this case, it is not necessary for the Court to choose which rule to follow since SunTrust failed to file a timely consent under either one. Under the first-served rule, SunTrust would have had to join or consent to JPMorgan's Notice of Removal by December 1. Under the last-served rule, SunTrust would have had to do the same by December 3. SunTrust did not consent to JPMorgan's Notice of Removal until January 4, well after either deadline.[3]

JPMorgan contends that it properly removed this action because it exercised due diligence in determining whether SunTrust had been served with the complaint. It explains that when it filed its Notice of Removal on December 1, the Superior Court docket did not reflect Plaintiffs' Proof Service showing that SunTrust had been served with the First Amended Complaint on November 1, despite Plaintiffs' filing of the Proof of Service on November 29. In other words, there appears to have been a lag of at least a few days between the time that Plaintiffs filed their Proof of Service and the time it was added to the docket. Because of this circumstance, JPMorgan says it had not reason to believe that SunTrust had been served prior to December 1 — even though it actually had been — and so SunTrust did not have to join or consent to the Notice of Removal. Opp'n at 1-3.

In support of its position, JPMorgan cites two cases that hold that a removing defendant does not have to get a defendant who has not been served to join in the notice of removal. Opp'n at 3 (citing Salveson, 731 F.2d at 1429; Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997)). This is a correct statement of the law, but it is also inapposite because SunTrust had been served before JPMorgan filed its Notice of Removal.

JPMorgan also cites the district court case Milstead Supply Co. v. Casualty Ins. Co., 797 F.Supp. 569, 573 (W.D. Tex. 1992). In Milstead, the removing defendant filed a notice of removal in federal court after being informed by an employee at the state court that no proof of service as to the non-removing defendant had been filed. Id. As it turned out, however, the plaintiff had actually filed the proof of service at the state court three hours before to the removing defendant filed its notice of removal at the federal court. Id. After determining that the removing defendant had been

---

[3] Even if SunTrust could have joined or consented within 30 days of the Notice of Remand being filed, SunTrust's consent still would have been untimely.

reasonably diligent in checking to see whether the non-removing defendant had been served, the court concluded that "under the unique and exceptional facts and circumstances" of the case, the removing defendant was not required to have obtained the consent or joinder of the non-removing defendant to the notice of removal. Id. at 573-74. In so holding, the court fashioned a rule, unique to it, that "[j]oinder in or consent to [a] removal petition must be accomplished by only those defendants: (1) who have been served; and (2) whom the removing defendant(s) actually knew or should have known had been served." Id. at 573 (emphasis added).

Reliance upon this case is problematic for several reasons. First, it suggests that it is always reasonable for a removing defendant to rely upon the docketing of a proof of service to determine whether a co-defendant has been served. This is not always reasonable for two reasons. For one, under California law, a plaintiff has 60 days from the time the complaint and summons are served upon a defendant to file the proof of service in the state court. CAL. CODE OF CIV. P. § 583.210(b). It also does not take into account slight delays between the physical filing of a document in the state court and its inclusion on the state court's docket. Indeed, even Milstead recognizes this common occurrence. Milstead, 797 F.Supp. at 573 n.7 ("There is often a delay of some time, at a minimum some hours and possible some days, before a pleading or other paper that is filed in a court clerk's office is actually placed in the clerk's file containing the filings in the case."). Moreover, other courts have held that similar actions did not constitute reasonable diligence. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F.Supp. 86, 86-87 (N.D. Ill. 1996) (court found that a lawyer's phone call to the court clerk and an inquiry to a docketing employee of the lawyer's law firm was not sufficient and stated that lawyer should have contacted the other defendant).

Second, JPMorgan's Notice of Removal does not state that it believed SunTrust had not been served. As to the other defendants in the case, the Notice of Removal specifically states:

> JPMorgan is one of two named Defendants. The other, SunTrust Mortgage, Inc., has not appeared in this action. On information and belief, no doe Defendant has been served. Thus, no consent is necessary as to the remaining doe Defendants, including Does 1 through 10, because such Defendants have not yet been served with the Complaint or appeared in the State Court Action.

Notice of Removal, ¶ 7. JPMorgan only stated that SunTrust had not appeared; it did not state that SunTrust had not been served, as it stated with respect to the Doe Defendants. If JPMorgan was

6

reluctant to affirmatively state that SunTrust had not been served, would it not have been reasonable for it to contact either Plaintiffs or SunTrust to make sure?[4] Failure to do so is even more egregious when JPMorgan clearly knew that it needed to account for the service of Doe Defendants in its Notice of Removal, as evidenced by the inclusion of the above-quoted paragraph in its Notice.

JPMorgan makes a final argument. It says that even if SunTrust failed to timely join or consent to the Notice of Removal, remand is only mandatory where a case is "removed improvidently" and the court lacks jurisdiction. Opp'n at 4. JPMorgan cites the district court case Hernandez v. Six Flags Magic Mountain, Inc., 688 F.Supp. 560 (C.D. Cal. 1988), for the argument that since Defendants' failure is not jurisdictional, the court can ignore the defect. In Hernandez, the court held that remand was not warranted where the non-removing defendant did not file its consent to removal until 31 days after being served with the complaint. Id. at 561, 564. In that case, though, the court found that the non-removing defendant's answer to the complaint, which had been timely filed in federal court within 30 days of being served, manifested its intent to join in the removal. Id. at 562-63. Here, SunTrust did not file any documents in federal court, let alone an answer, and in fact, filed a demurrer in state court on December 28. See Docket No. 11 ("Graham Decl."), Ex. A. In other words, the record contains no indication whatsoever that SunTrust intended to join or consent to JPMorgan's Notice of Removal at any time within its 30-day deadline to do so. In addition, the Hernandez court's decision to exercise its discretion relied in part on then-existing language in 28 U.S.C. § 1447 indicating that remand is only mandatory where a case is "removed improvidently" and the court is "without jurisdiction." Id. at 562. This language, however, was removed from 28 U.S.C. § 1447 in 1988. 28 U.S.C. § 1447; see also May v. Johnson Controls, Inc., 440 F.Supp.2d 879, 883-84 (W.D. Tenn. 2006).

---

[4] Indeed, a leading treatise on civil procedure in California federal courts even suggests as much in a "Practice Pointer for Defendant": "If you represent only one of several defendants named in the complaint, find out if any of the others have been served. (You may have to call the process server or even plaintiff's lawyer for this information.) If the other defendants have not been served, you can remove immediately without obtaining their concurrence. If they have been served, you will have to seek their concurrence and remove *before* expiration of 30 days from when *the first defendant* was served. Be careful! Cases require that the joinder be in *writing* and that it take place *within* the 30–day window." WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 2:613 (The Rutter Group 2010) (emphasis in original).

7

In sum, SunTrust needed to have joined or consented to JPMorgan's Notice of Removal, and SunTrust failed to do so within the time allowed. And because JPMorgan's arguments for ignoring this defect are both distinguishable and unpersuasive under these circumstances, Plaintiffs' motion will be granted on this ground.

### C. JPMorgan's Explanation of Why SunTrust Did Not Join in the Notice of Removal

Plaintiffs also argue that JPMorgan's Notice of Removal is defective because it does not sufficiently explain why SunTrust did not join it. Motion to Remand at 2. "Where fewer than all the defendants have joined in the removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261 (9th Cir. 1999) (citing Northern Ill. Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir. 1982); 16 JAMES WM. MOORE, ET AL., MOORE'S FED. PRAC. § 107.11(d) (Matthew Bender 3d ed. 1997)).

As mentioned earlier, JPMorgan did provide some explanation for SunTrust's absence. See Notice of Removal, ¶ 7. However, it only stated that SunTrust had not appeared in the action, and this does not determine whether SunTrust needed to join in the Notice of Removal or not. As explained previously, the rule is that all defendants properly joined and served in the action, with the exception of nominal, unknown or fraudulently joined parties, must join the removal. See Emrich, 846 F.2d at 1193 n.1 (citations omitted). Whether a served defendant has appeared or not is irrelevant, so JPMorgan's explanation was clearly insufficient. See Kozelek v. Jetset Records, No. C-05-4822 VRW, 2006 WL 1530161, at *1 (N.D. Cal. Jun. 5, 2006) ("[Prize Frize] does not suggest that the court must accept any explanation as sufficient. Rather, the Ninth Circuit has delineated specific exceptions to the unanimous joinder rule, none of which is alleged to apply here."). Accordingly, the Court will grant Plaintiffs' motion on this basis as well.

### D. Plaintiffs' Request for Attorney's Fees

Plaintiffs also request that this Court order Defendants to pay Plaintiffs' attorneys' fees incurred in filing this motion. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs request fees in the amount of $1,425.00 based on the lead attorney's 2

8

hours of work at $400/hr and his associate attorney's 2.5 hours of work at $250/hr. Graham Decl., ¶¶ 5-7. This is a matter of the Court's discretion, but "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Because JPMorgan had an objectively reasonable basis for removal (diversity jurisdiction), and it is procedural defects that prevent effective removal, the Court will not award the fees requested.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand is GRANTED, and the parties shall bear their own costs and fees. Accordingly, IT IS ORDERED THAT this action be remanded to the Superior Court for County of Santa Clara pursuant to 28 U.S.C. § 1447(c). The Clerk shall transmit the file to the Santa Clara Superior Court. Because this action was not properly removed, Defendants' respective motions to dismiss (Docket Nos. 5, 17) shall be TERMINATED.

**IT IS SO ORDERED.**

Dated: February 4, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

9

**C10-05431 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Casey John McTigue | cjm@severson.com, klm@severson.com, vvv@severson.com |
| John M. Sorich | jsorich@adorno.com |
| Joshua Howard Abel | jabel@adorno.com |
| Kenneth Raymond Graham | krg@elaws.com |
| Sung-Min Christopher Yoo | cyoo@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com, vdelgado@alvaradosmith.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**